Tessie **MORRIS, Plaintiff,**

v.

**LEWISLOR ENTERPRISES, INC., Defendant.**

United States District Court
S. D. New York.
July 11, 1958.

Finley & Lans, New York City, for plaintiff. Asher Lans, Stanley N. Queler, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant. Sidney P. Howell, Jr., and Michael E. Bress, New York City, of counsel.

DAWSON, District Judge.

This is a motion made by defendant, appearing specially and pursuant to Rule 12(b) Fed.R.Civ.Proc., 28 U.S.C.A., to quash service of process and dismiss a complaint for lack of jurisdiction over the person of such defendant.

The following facts appear to be without controversy:

1. Plaintiff is a resident of the State of New York.

2. Defendant, a corporation organized and existing under the laws of the State of California, is neither qualified to do business in the State of New York, nor does it maintain offices, listings, bank accounts or have employees in this State.

3. The amount in controversy herein is over $3,000, arising from a contract for the sale of literary rights and ideas, originally entered into between one Arthur Kurlan and defendant corporation and subsequently assigned to this plaintiff.

4. The purported service on Lewislor Enterprises, Inc. was made April 14, 1958, by leaving a copy of the summons and complaint with Sid Feinberg, Controller of the William Morris Agency, Inc. (in Morris's New York offices). The William Morris Agency, Inc., is alleged to be the managing agent of Lewislor.

Rule 4(d) (3) of the Federal Rules of Civil Procedure is applicable here. It says, in part, that personal service may be made:

"Upon a * * * foreign corporation * * * by delivering a copy of the summons and of the complaint to * * * a managing or general agent * * * ."

While one issue is whether or not the William Morris Agency, Inc., is in fact the managing agent of defendant Lewislor, the immediate issue is whether or not Lewislor is present within the State of New York.

■■ In order to determine that a corporation is present within this jurisdiction for purposes of suit, the corporation must have certain contacts with the jurisdiction, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Milliken v. Meyer, 1940, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278. These contacts constitute the "presence" of the corporation within the jurisdiction. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. In this latter decision, Chief Justice Stone, speaking for the Court, pointed out that

" 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. * * * Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. * * * To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries

on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process." 326 U.S. at page 317, 66 S.Ct. at page 159.

To apply these criteria to the present situation we must review the facts as shown by the papers submitted on this motion.

Lewislor Enterprises, Inc., is a California corporation organized for the sole purpose of producing a regular, weekly television show well known to the television audiences as "The Loretta Young Show." Its three officers and stockholders are Loretta Young, her husband Thomas H. Lewis, and Robert Shewalter, their accountant. It was organized in California; it has an office in California; the corporate records and employees are solely in California. The television show was not produced "live" but was first recorded on film in each instance. The recording of the show on film was done in California and for that purpose a studio was rented in California; except for several relatively unimportant instances all casting for the show and the purchase of scripts has been done in California. The show, so far as the record shows, has never been recorded on film in New York.

However, in connection with the sale of this television show and matters incidental thereto, Lewislor Enterprises, Inc., hired as its theatrical booking agent the well-known firm of William Morris Agency, Inc. This agency has offices both in California and New York and probably in other places throughout the country. The agency was successful in selling the proposed show to the National Broadcasting Company for exhibition on the television channels of that company. Certain negotiations for the sale of that show were carried on by William Morris Agency, Inc., as the booking agent, and some of the negotiations were carried on in New York, but the final contract between the National Broadcasting Company and Lewislor Enterprises, Inc., was entered into in Cali-

fornia. Most of the day-to-day contacts between Lewislor Enterprises, Inc., and the National Broadcasting Company are handled through the California offices of William Morris Agency. The William Morris Agency, Inc., was able successfully to secure as a sponsor for the show the Procter & Gamble Company. Some of the negotiations with this company may have taken place through the New York office of the William Morris Agency, or with the New York office of the advertising firm representing that company, but the final arrangements for such sponsorship were apparently completed in Cincinnati.

When the films of the television show are completed in California, they are distributed to the National Broadcasting Company for exhibition over its various television channels. Some of the broadcasting of the film takes place in the New York studios of the National Broadcasting Company, and some of it from the California studios of the National Broadcasting Company. Payments to Lewislor Enterprises, Inc., for the use of this film are made to it in California and the financial records of the company are kept in California.

 Undoubtedly William Morris Agency, Inc. is an agent of the defendant as well as for numerous other clients, but this does not mean that because this booking agency has offices in New York necessarily all of its clients are doing business in New York. The question would be whether the activities of the booking agency in New York on behalf of its principal were such as to indicate that the activities of the principal in New York had been continuous and systematic. The record in this case, which is rather complete, since depositions have been taken of officers and representatives of Benton & Bowles, Inc., the advertising agency which represented the sponsor, representatives of the National Broadcasting Company and representatives of William Morris Agency, Inc., and officers of Lewislor Enterprises, Inc., does not indicate that Lewislor itself, or the William Morris Agency, as its agent, carried on any continuous and systematic activities in the State of New York; any activities of this agent in New York cannot be characterized in a better phrase than that used by Chief Justice Stone when he referred to the "single or isolated items of activities in a state in the corporation's behalf," and indicated that such activities by an agent were not enough to subject the corporation to suit in that state on a cause of action unconnected with such activities. It would be a shocking thing, and offensive to "traditional notions of fair play and substantial justice," if any corporation which hired a booking agency, or an advertising agency, with offices in many states of the Union, could be held to be "doing business" in all of those states, merely because some isolated activity of the booking agency or the advertising agency took place in each state.

Nor does this action in any way grow out of activities conducted by or on behalf of the defendant in the State of New York. The action is one claiming literary rights and grows out of a contract entered into in the State of California between one Arthur Kurlan and the defendant corporation. The cause of action on this contract has now been assigned by Mr. Kurlan to the plaintiff, a resident of the State of New York, but so far as appears from the papers, the assignment was for the sole purpose of suit and bears no relationship to the activities at any time conducted by the defendant in the State of New York, or by reason of any connection of the plaintiff with the defendant in the State of New York.

The Court concludes that the defendant was not, at the time of the service of the summons in this action, present in the State of New York.

The motion to quash service of process and to dismiss the complaint for lack of jurisdiction over the person of the defendant is granted. So ordered.